**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANDREIA WILLIAMS,**

   **Plaintiff,**       **Case No. 2:25-cv-581**

 **v.**           **District Judge Edmund A. Sargus, Jr.**
             **Magistrate Judge Kimberly A. Jolson**

**COMMUNITY FOR NEW DIRECTION,**

   **Defendant.**

## OPINION AND ORDER

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and her Complaint (Doc. 1-3) are before the Court. The Court **GRANTS** Plaintiff's Motion to proceed *in forma pauperis*. (Doc. 1). All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a). The Court **DEFERS** conducting the initial screen of Plaintiff's Complaint and **DIRECTS** Plaintiff to amend her pleading within twenty-one (21) days of the date of this Opinion and Order.

## I. BACKGROUND

Plaintiff, an Ohio resident proceeding *pro se*, sues Defendant Community for New Direction for discriminating against her and creating a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Ohio Revised Code § 4112. (Doc. 1-3 at ¶ 1). On March 25, 2024, Plaintiff began working for Defendant as a human resources assistant. (*Id.* at ¶ 9). Plaintiff's employment lasted only two weeks. (*Id.* at ¶ 9, 14). During that time, Plaintiff says "she was subjected to ongoing false allegations, disciplinary reports[,] harassment, retaliation, bullying, and discriminatory treatment by supervisors and/or

coworkers based on her race/color and sex." (*Id.* at ¶ 10). Specifically, human resources director Andi Campbell wrongly accused her of violating Defendant's "dress code and ethical code of conduct" and wrote multiple disciplinary actions "despite [Plaintiff's] attire and ethical conduct being within [Defendant's] policies." (*Id.* at ¶ 11a). Campbell also made comments to Plaintiff about her "attire, body, living situation, cleanliness, and body odor." (*Id.* at ¶ 11b).

Other employees harassed her, too, Plaintiff says. (*Id.* at ¶ 11 (listing some examples of this treatment)). On one occasion, two employees laughed at her and suggested she was homeless because of her appearance. (*Id.* at ¶ 11c). Even though Plaintiff told them she was not homeless, one of the employees brought Plaintiff "a black bag of used clothes" anyway. (*Id.*).

On April 2, 4, and 5, Plaintiff met with Campbell to discuss the dress code policy. (*Id.* at ¶¶ 11d–f). On April 2, Campbell allegedly acknowledged that Plaintiff's clothing was "within dress code" but disciplined her anyway. (*Id.* at ¶ 11d). On April 4, Campbell again took disciplinary action against Plaintiff based on her clothing. (*Id.* at ¶ 11e). Then, on April 5, Campbell was improperly dressed but told Plaintiff it "was [okay] because of a work event she had to attend later that day outside of the building." (*Id.*).

Also on April 5, when Plaintiff returned from her lunch break, Campbell asked Plaintiff "very personal, invasive, and intrusive questions" concerning Plaintiff's "marital status, vehicle information, [and] vehicle insurance card." (*Id.* at ¶ 11g). Campbell further asked where and with whom Plaintiff went to lunch. (*Id.*). When Plaintiff refused to answer, Campbell called her "sneaky and untrustworthy" and said she could not "have someone like [Plaintiff] working under her threatening [her] job." (*Id.*).

Plaintiff reported this treatment to her supervisor on seven occasions, but her complaints were "dismissed or ignored." (*Id.* at ¶ 12). After that, it is unclear whether Plaintiff was terminated

2

or chose to resign.  (*Id.* at ¶ 14 (saying Plaintiff was "discharged," but also that she was "forced to leave her employment and decided to write a letter of resignation" on April 8)).  Either way, Plaintiff's employment ended by April 9.  (*Id.* at ¶ 4).

On May 16, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  (*Id.* at ¶ 6).  Then, on February 21, 2025, Plaintiff says she received a Notice of Right to Sue from the EEOC, though she did not attach that Notice to her Complaint.  (*Id.* at ¶ 7; *see generally id.*).  Plaintiff filed this action exactly 90 days later.  (Doc. 1; *see also* Doc. 1-3 at ¶ 8).

## II.    DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, the Court must conduct an initial screen of the Complaint and dismiss any portion of it that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  But upon review of the Complaint, the Court finds the initial screening should be deferred to give Plaintiff a chance to amend.

To begin, Plaintiff brings claims for employment discrimination and hostile work environment under Title VII.  (Doc. 1-3 at ¶ 1).  Title VII makes it unlawful "for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).  To support a Title VII claim, individuals may provide either direct or circumstantial evidence of discrimination.  *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008)*, abrogated on other grounds by Muldrow v. City of St. Louis*, 601 U.S. 346, 354–55 (2024).  Here, because Plaintiff does not allege any direct evidence of discrimination, the Court must consider her allegations using the *McDonnell Douglas* framework as a guide.  (Doc.

3

1-3); *Younnis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under the framework, Plaintiff must demonstrate "(1) that [she] is a member of a protected class; (2) that [she] suffered an adverse employment action; (3) that [she] was qualified for the position; and (4) that a similarly-situated employee outside the protected class or classes was treated more favorably than [she]." *Younnis*, 610 F.3d at 363. While Plaintiff does not need to plead every element at this stage, she must allege enough facts for the Court to reasonably infer that Defendant discriminated against her because of a protected characteristic. *Keys v. Humana*, 684 F.3d 605, 609 (6th Cir. 2012).

For her hostile work environment claim, Plaintiff must allege that her "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024) (internal quotation omitted). Further, Plaintiff must allege "that she is a member of a protected class" and that the harassment was based on that membership. *Id.* (citing *Phillips v. UAW Int'l*, 854 F.3d 323, 327 (6th Cir. 2017)).

Here, Plaintiff does not provide much factual support for any of these elements. For instance, she does not identify her race or color. (*See* Doc. 1-3); *Edoho-Eket v. Northwestern Univ.*, No. 3:18-cv-1022, 2018 WL 5313148, at *2–3 (M.D. Tenn. Oct. 25, 2018) (recommending a Title VII employment discrimination claim be dismissed where the plaintiff did not identify her race but simply said she was a member of a protected class); *Wiltz v. Moundbuilders Guidance Ctr.*, No. 2:13-cv-523, 2013 WL 4081078, at *4 (S.D. Ohio Aug. 13, 2013) (finding a plaintiff did not plead enough for a race discrimination claim where she said only that her mistreatment "was due to her race"), *report and recommendation adopted*, No. 2:13-cv-523, 2013 WL 5178732 (S.D.

4

Ohio Sept. 13, 2013); *Arredondo v. Brushwellman, Inc.*, 202 F.3d 267 (Table), 1999 WL 1253077, at *1 (6th Cir. Dec. 17, 1999) (affirming the dismissal of an employment discrimination claim where the plaintiff did not identify her protected class other than using the title "Ms."). Nor does she provide the race, color, or gender of any other employees. (Doc. 1-3).

Still more, Plaintiff hardly connects her allegations of discrimination to the conduct outlined in her Complaint. For instance, Plaintiff provides only one example where she seemingly was treated differently than a coworker for allegedly violating Defendant's dress code. (*Id.* at ¶ 11e). Yet, as stated, she does not allege that coworker's race, color, or gender. Further, Plaintiff does not explain how she was qualified for the position. (*See id.* at ¶ 9 (saying only her employment position)). And Plaintiff suggests that her Complaint contains only some of the harassment she experienced. (*Id.* at ¶ 11).

Plaintiff's Complaint has another flaw. Before filing a suit under Title VII, a plaintiff must exhaust her administrative remedies by timely filing and pursuing a charge of employment discrimination with the EEOC. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731–32 (6th Cir. 2006). A plaintiff should attach their right-to-sue letter from the EEOC to their pleadings, so the Court can evaluate the timeliness of the complaint and the basis given to the EEOC for the charge. *See, e.g.*, *Bombach v. Dollar Gen. Store 12202, Dist. 437, Region 18*, No. 3:12-cv-208, 2012 WL 2564844, at *2 (S.D. Ohio July 2, 2012) ("[W]ithout a right-to-sue letter from the EEOC . . . an individual may not file suit under Title VII."), *report and recommendation adopted*, No. 3:12-cv-308, 2012 WL 2979011 (S.D. Ohio July 20, 2012); *Davis v. Lincoln Crawford Care Ctr.*, No. 1:24-cv-433, 2024 WL 4467556, at *1 (S.D. Ohio Oct. 10, 2024) ("[W]ithout a specific claim based on an EEOC charge, this Court does not have subject matter jurisdiction over the case.") (noting the plaintiff did not attach a right-to-sue letter to the complaint).

While Plaintiff represents she received her right-to-sue letter in February, she did not attach it or any other EEOC charge documents to the Complaint. (*See* Doc. 1-3). Without them, the Court cannot be sure that it has jurisdiction over her claims or that Plaintiff exhausted her administrative remedies. *Barnes v. Cable*, No. 1:16-cv-396, 2016 WL 3350787, at *1 (S.D. Ohio May 3, 2016) (noting that the Court deferred an initial screen under 28 U.S.C. § 1915(e) and ordered the plaintiff to file his right-to-sue letter).

The Court will give Plaintiff an opportunity to amend her complaint to (1) address the pleading deficiencies described above, and (2) provide her right-to-sue letter from the EEOC. Plaintiff must file any amended complaint **within twenty-one (21) days of the date of this Opinion and Order**. If she does not file an amended complaint by that date, the Undersigned will conduct an initial screen of her original pleading under 28 U.S.C. § 1915(e).

## III.    CONCLUSION

The Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). The Court **DEFERS** conducting an initial screen under 28 U.S.C. § 1915(e) and **DIRECTS** Plaintiff to file an amended complaint **within twenty-one (21) days of the date of this Opinion and Order**.

If Plaintiff does not file an amendment by that date, the Court will conduct an initial screen of her original pleading, which may result in dismissal of the case.

IT IS SO ORDERED.


Date: May 29, 2025                         /s/Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE