**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANDREIA WILLIAMS,**

**Plaintiff,**

**v.**

**Case Number 2:25-cv-581**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

**COMMUNITY FOR NEW DIRECTION,**

**Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Defendant Community for New Direction's ("CND") Motion to Dismiss. (ECF No. 28.) Plaintiff Andreia Williams filed a response in opposition (ECF No. 29), and CND filed a reply in support (ECF No. 30.) For the reasons stated in this Opinion and Order, CND's Motion is **GRANTED in part** and **DENIED in part**. (ECF No. 28.)

## BACKGROUND

### I. Factual Background

Ms. Williams, proceeding *pro se*, sues CND for "race/color and sex discrimination, harassment, retaliation, and the creation of a hostile work environment," in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Ohio Revised Code § 4112. (ECF No. 19, ¶ 1.)

Ms. Williams was employed by CND as a human resources assistant from March 25, 2024, until April 9, 2024. (*Id.* ¶¶ 4, 9.) She states that she is "an African-American woman of darker skin tone" and "was subjected to harassment, bullying, false allegations, and unwarranted disciplinary action by her direct supervisor, Andi Campbell (HR Director), and Roshawnda Porter (Front Desk Administrator)." (*Id.* ¶¶ 10–11.)

On May 16, 2024, Ms. Williams filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 6; ECF No. 28-1.) She received a Notice of Right to Sue from the EEOC on February 21, 2025. (ECF No. 19, ¶ 7; ECF No. 3, PageID 30.)

Ms. Williams subsequently initiated this lawsuit. (ECF No. 1.) In her Second Amended Complaint, she lists six examples of discriminatory conduct:

- False and unverified disciplinary write-ups by Andi Campbell for alleged dress code violations, despite Plaintiff wearing attire that complied with CND policy.
- Comments and mockery by Andi Campbell and Roshawnda Porter about Plaintiff's body, clothing, hygiene, and living situation, including statements suggesting Plaintiff was homeless or unable to afford clothes.
- Unwanted and demeaning "gifts" of used clothing brought in by Roshawnda Porter, after Plaintiff repeatedly clarified she did not need such assistance.
- Unequal treatment where Campbell ignored or isolated Plaintiff, while treating others more favorably.
- Invasive and inappropriate personal questions about Plaintiff's marital status, transportation, and private life, followed by threats that she was "sneaky," "untrustworthy," and not fit to work under Campbell.
- On April 5, 2024, Campbell wore attire that violated the dress code, yet Plaintiff was disciplined for wearing policy-compliant clothes.

(ECF No. 19, ¶ 12.)

Under a section titled "Comparators," Ms. Williams states:

- Andi Campbell (white woman) violated the dress code but was not disciplined.
- Other non-Black or lighter-skinned employees were not subjected to similar personal attacks, comments about hygiene, or offered second-hand clothes.
- No other employees were required to defend their attire multiple times despite it being within policy.

(*Id.* ¶ 13.)

Ms. Williams alleges that she complained about the conduct, but no corrective action was taken. (*Id.* ¶¶ 14–15.) She alleges that she was forced to resign on April 8, 2024, after Ms. Campbell told her she was being terminated. (*Id.* ¶ 15.)

## II. Procedural Background

Ms. Williams filed a Complaint and a Motion for Leave to Proceed *in forma pauperis*. (ECF Nos. 1, 1-3.) The Magistrate Judge granted the *in forma pauperis* motion and proceeded to conduct an initial screen of the Complaint under 28 U.S.C. § 1915(e)(2). (ECF No. 2.) The Magistrate Judge found that the initial screening should be deferred to give Ms. Williams an opportunity to amend her Complaint. (*Id.*) Ms. Williams then filed an Amended Complaint (ECF No. 3), and the Magistrate Judge made a preliminary determination that Ms. Williams's claims could proceed (ECF No. 4). Subsequently, the Magistrate Judge granted Ms. Williams leave to file a Second Amended Complaint, which is the operative complaint in this action. (ECF Nos. 19, 24.)

In the Second Amended Complaint, Ms. Williams brings the following claims for relief: Discrimination and Retaliation under Title VII and Ohio law (Count I) and Hostile Work Environment under Title VII and Ohio law (Count II). (ECF No. 19, PageID 79–80.) The Magistrate Judge did not conduct an initial screen of the Second Amended Complaint, explaining that the better course of action is to allow Ms. Williams's claims to be tested on a dispositive motion. (ECF No. 24, PageID 100.) CND filed an Answer to the Second Amended Complaint (ECF No. 27) and a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 28).

## LEGAL STANDARD

As an initial matter, under the Federal Rules of Civil Procedure, a party cannot file a motion to dismiss under Rule 12(b)(6) after filing an answer. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Thus, the Court construes CND's Motion as a motion for judgment on the pleadings under Rule 12(c). *See McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012).

The legal standard for adjudicating a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion. *Sharaydeh v. Warren County*, 730 F. Supp. 3d 692, 695 (S.D. Ohio 2024) (Barrett, J.) (citing *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007)). The Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Id.* To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.*

Additionally, *pro se* filings are to be held to less stringent standards and should be construed liberally. *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Even so, "a *pro se* pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

## ANALYSIS

In its Motion, CND argues that Ms. Williams's Second Amended Complaint fails for two reasons: (1) she fails to allege a comparator and (2) she fails to tie any alleged harassment to membership in a protected class. (ECF No. 28.) Notably, CND does not address Ms. Williams's retaliation claim.

The Court first addresses CND's comparator argument. CND argues that Ms. Williams fails to sufficiently identify any comparators. (ECF No. 28, PageID 116–18.) It asserts that Ms. Williams misrepresents Ms. Campbell's race as white, when in fact, Ms. Campbell is African American. (*Id.* PageID 116.) CND highlights that Ms. Williams herself identified Ms. Campbell as "B/F," or Black/female in her EEOC charge.[1] (*Id.*) On a motion for judgment on the pleadings, the Court must assume as true the factual allegations in the Complaint. *Com. Money Ctr., Inc.*, 508 F.3d at 336. Thus, for purposes of the instant Motion, the Court assumes the truthfulness of Ms. Williams's allegation that Ms. Campbell is white. (ECF No. 19, ¶ 13.) Ms. Williams is reminded, however, that all representations made to the Court must be truthful, to the best of her knowledge. *See* Fed. R. Civ. P. 11. "*Pro se* status is not an excuse for leniency with Rule 11." *Lahti v. Consensys Software Inc.*, No. 1:24-cv-183, 2025 WL 2404454, at *4 (S.D. Ohio Aug. 20, 2025) (Hopkins, J.) (citation modified).

The Court now turns to CND's argument that Ms. Williams fails to tie any alleged harassment to membership in a protected class. (ECF No. 28, PageID 118–19.) Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race,

[1] The parties dispute whether the Court may consider the EEOC charge at this stage of the litigation. (ECF No. 29, PageID 127; ECF No. 30.) Because the Court assumes as true Ms. Williams's factual allegations, it does not consider the EEOC charge, nor the arguments about it.

color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *see also* Ohio Rev. Code § 4112.02(A). To survive a motion for judgment on the pleadings on her discrimination and hostile work environment claims, Ms. Williams must sufficiently plead that the alleged mistreatment she experienced was *because of* her membership in a protected class. *See Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012); *Boxill v. O'Grady*, No. 2:16-cv-126, 2018 WL 11357552, at *14 (S.D. Ohio Mar. 30, 2018) (Watson, J.). Ms. Williams need not present a *prima facie* claim at this stage, but "broad and conclusory allegations" are insufficient, and she must "state allegations that plausibly give rise to the inference" that CND's treatment of her was because of her race, color, or sex. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012).

Whether Ms. Williams sufficiently pleads that her alleged mistreatment occurred *because of* her race or color is a close call. On the one hand, she states in a conclusory manner that she was mistreated because of her race or color but does not connect the allegation to facts that give rise to such an inference. (*E.g.*, ECF No. 19, ¶ 11 ("Plaintiff is an African-American woman of darker skin tone, and her mistreatment was based on her race and sex.").) On the other hand, Ms. Williams alleges that she was disciplined for violating the dress code while a white woman, Ms. Campbell, was not. (*Id.* ¶¶ 12.a., 13.) The Sixth Circuit recently explained that one way to "support a plausible inference of discriminatory motive is by identifying similar situated employees outside [plaintiff's] protected class who the [defendant] treated more favorably." *Ahmed v. Hamtramck Pub. Schs.*, 178 F.4th 975, 985 (6th Cir. 2026); *see also Jones v. Johnson*, 707 F. App'x 321, 327–28 (6th Cir. 2017). Assuming the truthfulness of Ms. Williams's allegation that Ms. Campbell is white, Ms. Williams sufficiently pleads that an individual outside

of her protected class was treated more favorably than her. This leads to a plausible inference at this stage of litigation that her alleged mistreatment was because of her race or color.

Whether Ms. Williams's alleged mistreatment was based on her sex, however, is a different matter. Ms. Williams's allegations on that front are conclusory and unsupported by any facts. The only person Ms. Williams identifies who was treated more favorably than her is a white woman. (ECF No. 1, ¶ 13.) And her allegation that "[n]o other employees were required to defend their attire" (*id.*) is insufficient to plausibly allege discrimination based on sex. *See Rushing v. Wood Health Co., LLC*, No. 3:24-cv-845, 2025 WL 959472, at *6 (N.D. Ohio Mar. 31, 2025). Thus, her claims of discrimination and hostile work environment based on sex are **DISMISSED with prejudice**.

As a final note, because CND does not address Ms. Williams's retaliation claim in its Motion to Dismiss, the Court does not consider whether that claim is sufficiently pled.

## CONCLUSION

For the reasons above, the Court **GRANTS in part** and **DENIES in part** (ECF No. 28) Defendant Community for New Direction's Motion to Dismiss. Plaintiff's claims alleging discrimination and hostile work environment based on sex are **DISMISSED with prejudice**. Plaintiff's discrimination and hostile work environment claims based on race or color, as well as her retaliation claim, remain.

This case remains open.

**IT IS SO ORDERED.**

**9/28/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**